**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1890-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HUMPHREY COHEN,

    Defendant-Appellant.

_____

Submitted on March 6, 2024 – Decided March 27, 2024

Before Judges Susswein and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 83-03-1433.

Humphrey Cohen, appellant pro se.

Theodore N. Stephens II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Humphrey Cohen is serving a life sentence in prison for murder and robbery convictions. We consider defendant's appeal of a December 21, 2022 order denying his third motion to correct an illegal sentence. After careful review of defendant's arguments, we affirm substantially for the reasons set forth in Judge Christopher S. Romanyshyn's well-reasoned written decision accompanying the December 21, 2022 order.

## I.

The salient facts and procedural history were previously recounted in our decisions on defendant's direct appeal, State v. Cohen (Cohen I), 211 N.J. Super. 544 (App. Div. 1986), and on defendant's second motion to correct an illegal sentence, State v. Cohen (Cohen III), No. A-0832-19 (App. Div. Feb. 4, 2021). We briefly set forth the facts material to disposition of the appeal before us.

On January 26, 1983, defendant and his co-defendants confronted Otha Thompson as he crossed the street. Defendant kicked Thompson, knocked him to the ground, and fired a bullet into his chest. Defendant shot Thompson a second time and he and his accomplices took Thompson's wallet before fleeing. They later divided up the money from Thompson's wallet. Thompson was subsequently taken to a hospital where he was pronounced dead. Defendant was

2

arrested and confessed to shooting Thompson during the robbery. See Cohen I, 211 N.J. at 548-49.

Defendant was found guilty of felony murder, N.J.S.A. 2C:11-3(a)(3) (count one); purposeful and knowing murder, N.J.S.A. 2C:11-3(a)(1)(2) (count two); first-degree robbery, N.J.S.A. 2C:15-1(count three); and unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count four). See Cohen III, slip op. at 2. Defendant was sentenced to life imprisonment with thirty years of parole ineligibility on count two and fifteen years with seven years and six months of parole ineligibility on count three. Ibid. The sentences were to run consecutively for an aggregate sentence of life in prison with thirty-seven years and six months of parole ineligibility. Ibid. The felony murder charge was merged with the purposeful and knowing murder charge for sentencing purposes. Ibid. Defendant's conviction for unlawful possession of a weapon was merged with his first-degree robbery conviction. Id. at 2-3.

We affirmed defendant's sentence and conviction on direct appeal. Cohen I, 211 N.J. at 554. Defendant then filed the first of eight petitions for post-conviction relief (PCR), all of which were denied by the trial court and affirmed by us on appeal. The New Jersey Supreme Court denied certification as to all eight petitions. Defendant petitioned the Supreme Court of the United States

for a writ of certiorari as to one of his petitions, which the Court denied. Cohen v. New Jersey, 565 U.S. 1238 (2012).

Defendant also filed two prior motions to correct an illegal sentence which were denied by the trial court and affirmed by us on appeal. State v. Cohen (Cohen II), No. A-2599-16 (App. Div. Mar. 9, 2018) (slip op. at 3) and Cohen III, slip op at 19. Defendant's federal habeas corpus petition was also denied. Cohen v. Morton, No. 94-3257, 2014 U.S. Dist. LEXIS 56149 (D.N.J. Apr. 17, 2014).

In July 2022, defendant filed a third motion to correct an illegal sentence arguing as follows: defendant's murder sentence is now subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, which requires his life term with thirty years of parole ineligibility to be recalculated so that his thirty-year term represents eighty-five percent of his overall sentence; defendant's sentence is illegal because the sentencing court imposed a maximum sentence without considering aggravating and mitigating factors; and defendant must be resentenced based on the Court's ruling in State v. Torres, 246 N.J. 246 (2021). Judge Romanyshyn denied defendant's motion in the December 21, 2022 order accompanied by a written decision.

A-1890-22

In denying defendant's motion, Judge Romanyshyn rejected the argument that defendant's murder conviction is subject to NERA. Applying the holding in State v. Parolin, 171 N.J. 223, 233 (2002), Judge Romanyshyn concluded the amendments to NERA, which added murder as a NERA-applicable offense, are prospective and, therefore, do not apply to defendant's sentence, which predated the statutory amendments. Moreover, the judge found defendant cited no legal authority for his contention that NERA requires mandatory parole release dates.

Judge Romanyshyn was unconvinced by defendant's argument that his sentence was illegal because the sentencing court imposed the maximum sentence without considering aggravating or mitigating factors. Judge Romanyshyn found this claim both procedurally improper on a motion to correct an illegal sentence and substantively without merit. Applying the definition of an illegal sentence as set forth in State v. Murray, 162 N.J. 240, 246-47 (2000), Judge Romanyshyn found defendant did not state a cognizable claim under Rule 3:21-10(b)(5). See State v. Chambers, 377 N.J. Super. 365, 370 (App. Div. 2005).

Judge Romanyshyn distinguished an excessive sentence from an illegal sentence, and concluded a challenge to an excessive sentence for an improper weighing of aggravating and mitigating factors should be argued on direct

A-1890-22

appeal.  See State v. Acevedo, 205 N.J. 40, 47 (2011).  The judge found defendant failed to raise this issue on direct appeal, but did so on a previous motion to correct an illegal sentence where we found that the sentencing court properly considered the aggravating and mitigating factors.  Cohen III, slip op. at 17-19.  Accordingly, Judge Romanyshyn found defendant was barred from reasserting this claim under Rule 3:22-5, which states, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

Finally, Judge Romanyshyn rejected defendant's claim that Torres articulated a new legal standard for imposing consecutive sentences.  First, Judge Romanyshyn found this claim to be procedurally barred under Rule 3:22-5 because we previously addressed defendant's argument.  Nonetheless, he addressed defendant's substantive argument under Torres, finding defendant's claim to be meritless.  Judge Romanyshyn reasoned that Torres did not create a new rule of law but, instead, emphasized sentencing courts must assess fairness when imposing consecutive sentences, using the Yarbough sentencing

6

guidelines as a framework. <u>State v. Yarbough</u>, 100 N.J. 627 (1985). After careful consideration, Judge Romanyshyn rejected all of defendant's claims.

This appeal follows. Defendant raises the following arguments for our review:

<u>POINT I</u>

THE COURT BELOW COMMITTED ERROR BY NOT MAKING A GOOD CAUSE ANALYSIS TO DETERMINE WHETHER DEFENDANT'S LIFE SENTENCE WITH A THIRTY (30) YEAR[] PAROLE INELIGIBILITY SHOULD BE CHANGED UNDER NERA TO 35.1 YEARS WITH AN EIGHTY-FIVE PERCENT PAROLE INELIGIBILITY.

<u>POINT II</u>

THE COURT BELOW COMMITTED ERROR IN REJECTING APPELLANT'S CLAIM THAT HE RECEIVED AN ILLEGAL SENTENCE AND WAS DENIED DUE PROCESS AND EQUAL TREATMENT UNDER THE LAW WHEN THE SENTENCING COURT IMPOSED THE MAXIMUM SENTENCE FOR MURDER WITHOUT CONSIDERING AND/OR IDENTIFYING ANY AGGRAVATING AND MITIGATING FACTORS ENUMERATED IN N.J.S.A. 2C:44-1(a) AND (b) TO SHOW DEFENDANT SHOULD: (1) BE SENTENCED TO THE MINIMUM SENTENCE, AND (2) NOT BE SENTENCED TO A SENTENCE LESSER THAN THE MAXIMUM LIFE SENTENCE.

7

POINT III

THE ILLEGAL SENTENC[ING] . . . COURT COMMITTED ERROR IN DENYING APPELLANT'S CLAIM THAT HIS PREVIOUSLY REJECTED ARGUMENT THAT HIS CONVICTIONS FOR MURDER, FELONY MURDER AND ROBBERY WAS ONE CRIME/ABERRANT ACT AND SHOULD HAVE RESULTED IN ONE SENTENCE IS NOW MERITORIOUS UNDER THE STATE SUPREME COURT'S DECISION IN TORRES.

POINT IV

SAID PRIOR ILLEGAL SENTENC[ING] COURT HAD ALSO REJECTED APPELLANT'S CLAIM THAT AFTER THE JURY REJECTED THE DEATH PENALTY, HE WAS ENTITLED TO A SECOND AGGRAVATING AND MITIGATING HEARING AT SENTENCING. THIS CLAIM NOW ALSO HAS MERIT VIA A DECISION ISSUED BY THE APPELLATE DIVISION. (NOT RAISED BELOW).

II.

We review the disposition of a motion to correct an illegal sentence de novo. State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law." State v. Hyland, 238 N.J. 135, 145 (2019) (citing State v. Schubert, 212 N.J. 295, 308 (2012)). "[S]entences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties

8

authorized by statute for a particular offense and include a disposition that is authorized by law." Id. at 146.

Defendant argues his sentence is illegal because murder is now subject to NERA and, therefore, his current sentence for murder and robbery should include a mandatory parole release date. We disagree.

Defendant's sentence was not subject to NERA, since murder was not added as a NERA-applicable offense until 2001 and that amendment to NERA is not retroactive. Parolin, 171 N.J. at 233. Nonetheless, even if NERA were to apply to defendant's sentence, the statute does not require a mandatory parole release date. Instead, NERA mandates "[a] court imposing a sentence of incarceration for a crime . . . shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole." N.J.S.A 2C:43-7.2(a). We reject defendant's argument that the sentencing court failed to set a mandatory date for his release from prison on parole.

## III.

We also reject defendant's previously-asserted argument that his sentence is illegal because the sentencing court failed to consider aggravating and mitigating factors. In Cohen III, we addressed defendant's contention that he was entitled to a second "aggravating and mitigating factors" sentencing

9

hearing. Cohen III, slip op. at 17. After a careful review of the record, we found the sentencing court considered all of the aggravating and mitigating factors. Ibid. On this appeal, defendant does not present any new evidence for our review. Accordingly, we reject defendant's previously-asserted argument that he was entitled to a second "aggravating and mitigating" sentencing hearing pursuant to Rule 3:22-5. Cohen III, slip op. at 19.

IV.

Defendant also contends we should find his sentence is illegal based on the Court's decision in Torres, 246 N.J. at 268. Defendant's application is precluded since a prior adjudication on the merits bars a litigant from seeking any further grounds for relief. R. 3:22-5.

We also conclude that defendant's application lacks merit since Torres does not constitute new law. In Torres, the Court specified "[a]n explicit statement, explaining the overall fairness of a sentence imposed on a defendant for multiple offenses in a single proceeding or in multiple sentencing proceedings, is essential to a proper Yarbough sentencing assessment." Torres, 246 N.J. at 268.

We are convinced that the sentencing court considered the fairness of the consecutive sentence as required under Torres. The sentencing court considered

A-1890-22

the fairness of depriving defendant of his life by way of imposing consecutive sentences. The sentencing court heard argument from defense counsel regarding defendant's intelligence, family history, and substance abuse issues. The sentencing court also considered that the victim was a complete stranger to defendant and defendant took the victim's life without any provocation whatsoever. Based on our review of the transcript of the sentencing hearing, we conclude the sentencing judge properly considered the fairness of the consecutive sentence and that the interests of justice do not warrant resentencing post-Torres.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1890-22